**In re SOUTHERN TECHNICAL COLLEGE, INC.**

**SOUTHERN TECHNICAL COLLEGE, Plaintiff,**

v.

**James W. HOOD, Defendant.**

**Bankruptcy No. 92–41095S.**
**Adv. No. 94–4063.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

April 18, 1995.

Charles R. Camp, Little Rock, AR, for Plaintiff.

William Waddell, Little Rock, AR, for Defendant.

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

MARY D. SCOTT, Bankruptcy Judge.

This Cause came before the Court upon defendant's Motion for Summary Judgment, filed on February 17, 1995, to which the plaintiff responded on March 8, 1995. In this adversary proceeding, the debtor seeks recovery, pursuant to section 547 of the Bankruptcy Code, of a $19,530 rental payment made during the ninety days prior to the filing of the petition in bankruptcy. The

---

defendant asserts that the new value exception prohibits the debtor from recovering the transfer. 11 U.S.C. § 547(c)(4). The basic legal issue, whether occupancy of the leased premises constitutes new value under section 547(c)(4) of the Bankruptcy Code, has been addressed by this Court in the case *Southern Technical Colleges v. Graham Properties, Inc.,* slip op., AP No. 94–4092 (Bankr. E.D.Ark. Mar. 16, 1995), *motion for reconsideration granted,* (Bankr.E.D.Ark. Apr. 13, 1995).

The Court finds that, upon application of its opinion in *Graham,* there are no material issues of fact remaining in this case such that the motion for summary judgment should be granted. Although the plaintiff asserts that there are issues of fact as to the value of the leased premises and whether defendant exercised forbearance, these assertions do not preclude summary judgment. First, there is no demonstration that there is a genuine dispute as to the rental value of the premises. The lease provides for a rate of $19,530 per month and there is nothing to contradict defendant's evidence that that is the value of the premises. Secondly, the arguments regarding forbearance are not material in light of *Graham* because the lessor did not merely forebear from asserting rights, but in fact gave value in the form of the rental space.

In the instant case, the debtor seeks recovery of $19,530 which was paid in early March 1992 in payment of rent due for February 1992. Plaintiff paid no further rent, and filed for relief under the Bankruptcy Code in April 1992. Accordingly, defendant gave unsecured new value in the form of occupancy of the premises for the months of March and the majority of the Month of April. Since the value of these two months is clearly in excess of preference sought by plaintiff, the motion for summary judgment should be granted. *See Southern Technical College v. Graham,* AP No. 94–4092. Accordingly, it is

**ORDERED** that judgment will be entered in favor of defendant.

**IT IS SO ORDERED.**